UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

ALTAUNE BROWN,

                                        Plaintiff,

                -against-


MADISON LIQUOR INC. AND
LUCKY OF 195 MADISON STREET
ROOFING & CONTRACTING INC.,

                                        Defendants.

-------------------------------------X

**AFFIRMATION IN
SUPPORT OF ORDER TO
SHOW CAUSE FOR ENTRY
OF DEFAULT JUDGMENT**


*Civil Action No.:*
1:21-cv-8694-JGK

I, BRADLY G. MARKS, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with The Marks Law Firm, PC, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to Rule 55(b)(2) of the Civil Rules for the Southern District of New York, in support of Plaintiff's application for the entry of default judgment against Defendants.

3. This is an action for injunctive relief to remove the access barriers that exist at Defendant's Premises and to recover the associated compensatory relief, and attorney fees and costs owed by defendant to plaintiff for violation pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL").

4. This action was commenced on October 22, 2021 by filing a Summons and Complaint (Exhibit A).

5. On November 10, 2021, service was effectuated on Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. through the secretary of state (Exhibit B).

6. On November 12, 2021, an initial conference was scheduled by the Court for December 22, 2021 at 12:00pm.

7. On December 14, 2021, the initial conference was adjourned by the Court to January 25, 2022 at 3:00pm.

8. On December 22, 2021, the Court ordered that plaintiff file an Order to Show Cause for a Default Judgment and canceled the January 25, 2022 conference (Exhibit C).

9. On January 12, 2022, Plaintiff filed a request for a Clerk's Certificate of Default as to Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. which was entered on that date (Exhibit D).

10. The time for Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. to answer or otherwise move with respect to the complaint herein has expired on December 1, 2021.

11. Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. have not answered or otherwise moved with respect to the complaint, and the time for Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. to answer or otherwise move has not been extended.

12. Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. are a corporation and not an infant or incompetent.

13. Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. are not presently in the military service of the United States as appears from facts in this litigation.

14. Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. are jointly and severally indebted to Plaintiff, Altaune Brown, for injunctive relief, compensatory relief, and attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the ADA, the NYCHRL, and the NYSHRL.

15. Plaintiff is entitled to a default judgment against Defendants Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc. pursuant to FED. R. CIV. P. 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In addition, FED. R. CIV. P. 55(b)(2) provides that the Court may enter a default judgment without any further notice to a defendant that fails to appear.

16. Plaintiff is requesting one thousand dollars ($1,000.00) in compensatory damages based on the Defendant's violation of the New York State Human Rights Law in accordance with NYCHRL §297(4)(c) and the New York City Human Rights Law (See §8-120(a)(8)).

17. In calculating compensatory damages under the NYSHRL and the NYCHRL, a court in the Southern District of New York found that "[t]he New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" *Kreisler*, 2012 U.S. Dist. LEXIS 129298, 2012 WL 3961304, (weighing the appropriate compensatory damages amount for the defendant's failure

to provide a reasonably accessible restaurant). *Shalto v. Bay of Bengal Kabob Corp.*, 2013 U.S. Dist. LEXIS 33277.

18. Plaintiff is requesting that Defendants pay reasonable attorney fees and costs in accordance with 42 U.S. Code §12205 and is requesting that this Court retain jurisdiction relating to the Plaintiff's attorneys' fees and costs and said motion for attorney fees and costs shall be filed within ninety (90) days of entry of this Final Judgment.

Dated: New York, New York
      January 14, 2022

THE MARKS LAW FIRM

By: _____
  BRADLY G. MARKS, ESQ.
54 W 40th Street, Suite 1131
 New York, NY 10018
 T:(646) 770-3775
 F: (646) 770- 2639



**Exhibit A**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
ALTAUNE BROWN

DEFENDANTS
MADISON LIQUOR INC. AND LUCKY OF 195 MADISON STREET ROOFING & CONTRACTING INC.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Bradly G. Marks
The Marks Law Firm, PC
54 W 40th Street, Suite 1131

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
42 U.S.C. 12181, et Seq., of the ADA, New York City/State Human Rights Laws,- Declarative and Injunctive Relief

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes [ ]     Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

Is this an international arbitration case? No [x] Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)* NATURE OF SUIT

### TORTS

### ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY**
- [ ] 367 HEALTHCARE/
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [x] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

**FORFEITURE/PENALTY**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
- [ ] 840 TRADEMARK

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**PRISONER CIVIL RIGHTS**
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

[ ] 880 DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 375 FALSE CLAIMS
- [ ] 376 QUI TAM
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [x] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)*

## ORIGIN

[x] 1 Original Proceeding

[ ] 2 Removed from State Court

    [ ] a. all parties represented

    [ ] b. At least one party is pro se.

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from (Specify District)

[ ] 6 Multidistrict Litigation (Transferred)

[ ] 7 Appeal to District Judge from Magistrate Judge

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*

## BASIS OF JURISDICTION

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## COURTHOUSE ASSIGNMENT

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 10/21/21

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. _____ Yr. _____)
Attorney Bar Code #

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form    Save    Print

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| ALTAUNE BROWN, | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  1:21-cv-8694 |
| | ) | |
| MADISON LIQUOR INC. AND | ) | |
| LUCKY OF 195 MADISON STREET | ) | |
| ROOFING & CONTRACTING INC., | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MADISON LIQUOR INC.- 195 MADISON STREET, NEW YORK, NY 10002

LUCKY OF 195 MADISON STREET ROOFING & CONTRACTING INC.-
164 ORCHARD STREET UNIT 2W, NEW YORK, NY 10002

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Bradly G. Marks
The Marks Law Firm, PC
54 W 40th Street, Suite 1131
New York, NY 10018
T:(646)770-3775

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  10/25/2021  _____

s/ G. Pisarczyk
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
ALTAUNE BROWN,

                    Plaintiff,                    **COMPLAINT**

           -against-                  *Civil Action No.*

                                             1:21-cv-8694

MADISON LIQUOR INC. AND
LUCKY OF 195 MADISON STREET
ROOFING & CONTRACTING INC.,

                      Defendants.
-------------------------------------X

       Plaintiff, ALTAUNE BROWN, (hereinafter the "Plaintiff"), by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues MADISON LIQUOR INC., domestic business corporation, and LUCKY OF 195 MADISON STREET ROOFING & CONTRACTING INC., domestic business corporation, (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

    1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

    2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The violative Premises and the events giving rise to this lawsuit is located at 195 Madison Street, New York, New York 10002 (hereinafter "Premises").

4. Venue is proper in this Court as the premises is located in the State of New York, County of New York.

5. The Defendants MADISON LIQUOR INC., and LUCKY OF 195 MADISON STREET ROOFING & CONTRACTING INC . are each authorized to conduct, and are conducting business within the State of New York.

6. Upon information and belief, MADISON LIQUOR INC., is the lessee and/or operator of the real property, and the owner of the improvements where the Premises is located which is the subject of this action. Defendant also maintains and controls the Premises.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Premises is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8. Upon information and belief, LUCKY OF 195 MADISON STREET ROOFING & CONTRACTING INC. is the owner, lessor and/or operator and managing agent of the real property where the Premises is located, which is the subject of this action, which also maintains and controls the Premises.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Premises which is the subject to this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

11.     At the time of Plaintiff's visit to the Premises, and prior to the instant action, Plaintiff was/is a resident in the state of New York. Plaintiff is a paraplegic, which constitutes a "qualified disability" under the ADA of 1990. Plaintiff uses a wheelchair for mobility.

12.     On or about May 12, 2021, Plaintiff attempted to enter Defendant's Premises to purchase liquor, however because of the architectural barriers at the entrances of the store, a step at the main and only entrance, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is subject to this instant litigation.

13.     Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination. Plaintiff intends on returning to patron the Premises once the violations are remediated.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

14.     The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

15.     The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

16.     The Plaintiff is informant and believes, and therefore alleges that the Premises has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

17.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendants' Premises, in violation of these Accessibility Standards.

18.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Premises.

19.     Plaintiff visited Defendants' Premises with the intention of utilizing Defendants' facilities, but was denied access to the Premises, and therefore suffered an injury in fact. In addition, Plaintiff continues to reside in New York and will continue to desire to visit the Premises in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the Premises, all in violation of the ADA, and New York State and City Human Rights Law.

20.     Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

21.     The Defendants' Premises is in violation of 42 U.S.C. §12181 et. Seq., ADA and the 2010 Standards, and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

    a.   Failure to provide an accessible entrance at street level door, due to the step at the entrance, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide accessible and properly designated entrance. This barrier represents an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs.

    b.   Failure to provide a safe and accessible means of egress for emergencies.

    c.   Check-out/service counter is inaccessible.

    d.   The merchandise displays throughout the Premises are inaccessible.

    e.   Failure to provide adequate directional and accurate informational signage throughout the Premises.

    f.   Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

22.    Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Premises, and only once a full inspection is done can all said violations be identified.

23.    To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

24.    Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

25.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief;  including an order to alter the Premises to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by ADA, and

closing the Subject Facilities until the requisite modifications are completed.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

26.      Plaintiff repeats, reiterates, and re-alleges each and every allegation contained

hereinabove in paragraphs "1" through "25" inclusive of this Complaint with the same force and

effect as if hereinafter set forth at length.

27.      The New York City Human Rights Law provides:

a.  It shall be an unlawful discriminatory practice for any person, being the

owner, lessee, proprietor, manager, superintendent, agent or employee of

any place or provider of public accommodation because of the actual or

perceived…disability…of any person, directly or indirectly, to refuse,

withhold from or deny to such person any of the accommodations,

advantages, facilities or privileges thereof…to the effect that any of the

accommodations, advantages, facilities and or denied to any person on

account of…disability…

NYC Admin. Code §8-107(4)(a).

28.      Defendants are in violation of the New York City Human Rights Law by denying

the Plaintiff full and safe access to all of the benefits, accommodations and services of the

Premises.

29.      The Defendants' unlawful discriminatory conduct constitutes willful and wanton

violations of the Administrative Code for which Plaintiff is entitled to an award of punitive

damages. Admin. Code §8-502.

## COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

30.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "29" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

31.     The New York State Human Rights Law provides:

       a.   It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

       NYS Exec. Law §296 (2)(a).

32.      Defendant's Premises is a place of public accommodation as defined in the New York State Human Right Law.

33.     The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

34.     Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

**PRAYER FOR RELIEF**

35.     The Plaintiff demands compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

36.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

37.     Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

a.  The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

b.  The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c.  The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Premises;

d.  The Court award compensatory damages, including all applicable statutory damages and fines, to Plaintiff;

e.  The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

f.  The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
        October 20, 2021

THE MARKS LAW FIRM, PC

By: _____
    Bradly G. Marks
    54 W 40th Street, Suite 1131
    New York, NY 10018
    T:(646) 770-3775
    F: (646) 770- 2639
    brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

Plaintiff,

-against-

MADISON LIQUOR INC. AND LUCKY OF 195 MADISON STREET ROOFING &
CONTRACTING INC.,

Defendants,

## SUMMONS AND COMPLAINT

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
54 W 40th Street, Suite 1131
New York, NY 10018

# Exhibit B

UNITED STATES DISTRICT... THE MARKS OF LAW FIRM, P.C.

| | |
|---|---|
| ALTAUNE BROWN | |
| | Plaintiff(s) |
| - against - | Index # 1:21-CV-8694 |
| | Purchased October 25, 2021 |
| MADISON LIQUOR INC., ETANO | |
| | Defendant(s) |
| | **AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on November 10, 2021 at 09:00 AM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS IN A CIVIL ACTION AND COMPLAINT WITH CIVIL COVER SHEET on MADISON LIQUOR INC. therein named,

**SECRETARY OF STATE**
a Domestic corporation by delivering two true copies to SUE ZOUKY, LEGAL CLERK personally, deponent knew said corporation so served to be the  corporation described in said summons as said Defendant and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLONDE | 65 | 5'2 | 130 |

Sworn to me on:  November 15, 2021

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Commission Expires November 26, 2023

RALPH J MULLEN
Notary Public, State of New York
No. 01MU6238632
Qualified in Queens County
Commission Expires April 11,2023

VINETTA BREWER
Notary Public, State of New York
No. 01BR4949206
Qualified in Bronx County
Commission Expires April 3, 2023

**STEVEN C. AVERY**

Invoice #: 774015

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY  10007 - (212) 619-0728  NYCDCA#1102045

| | |
|---|---|
| ALTAUNE BROWN | |
| | Plaintiff(s) |
| - against - | Index # 1:21-CV-8694 |
| MADISON LIQUOR INC., ETANO | Purchased October 25, 2021 |
| | Defendant(s) |
| | **AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on November 10, 2021 at 09:00 AM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS IN A CIVIL ACTION AND COMPLAINT WITH CIVIL COVER SHEET on LUCKY OF 195 MADISON STREET ROOFING & CONTRACTING INC. therein named,

**SECRETARY OF STATE**  a Domestic corporation by delivering two true copies to SUE ZOUKY, LEGAL CLERK personally, deponent knew said corporation so served to be the  corporation described in said summons as said Defendant and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLONDE | 65 | 5'2 | 130 |

Sworn to me on:  November 15, 2021

STEVEN C. AVERY

| | | |
|---|---|---|
| JOSEPH KNIGHT | RALPH J MULLEN | VINETTA BREWER |
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York |
| No. 01KN6178241 | No. 01MU6238632 | No. 01BR4949206 |
| Qualified In New York County | Qualified in Queens County | Qualified in Bronx County |
| Commission Expires November 26, 2023 | Commission Expires April 11,2023 | Commission Expires April 3, 2023 |

Invoice #: 774016

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY  10007 – (212) 619-0728  NYCDCA#1102045

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALTAUNE BROWN,

                    Plaintiff,                        21-cv-8694 (JGK)

                                                      ORDER

          - against -

MADISON LIQUOR INC., ET AL.,

                    Defendants.
_____

JOHN G. KOELTL, District Judge:

     The plaintiff should file an Order to Show Cause for a

Default Judgment by January 14, 2022. If the plaintiff fails to do

so, the case may be dismissed for failure to prosecute.

     The conference scheduled for January 25, 2022 is **canceled**.

SO ORDERED.
Dated:    New York, New York
          December 22, 2021

                                   _____
                                        John G. Koeltl
                                   United States District Judge



**Exhibit D**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Altaune Brown,

**Plaintiff(s),**

- against -

Madison Liquor Inc. and Lucky of 195
Madison Street Roofing & Contracting Inc.,
**Defendant(s),**
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1 12 2022

__21__ **Civ.** __8694__ (__JGK__)

**CLERK'S CERTIFICATE**
**OF DEFAULT**

**I, RUBY J. KRAJICK, Clerk of the United States District Court for**

**the Southern District of New York, do hereby certify that this action was commenced on**

__10/22/2021__ **with the filing of a summons and complaint, a copy of the summons and**

**complaint was served on defendant(s)** _Madison Liquor Inc. and Lucky of 195 Madison Street Roofing & Contracting Inc._

**by personally serving** ___Sue Zouky, legal clerk for secretary of state___ ,

*and proof of service was therefore filed on* ___11/16/2021___ *, Doc. #(s)* ___5 & 6___ .

**I further certify that the docket entries indicate that the defendant(s) has not filed an**

**answer or otherwise moved with respect to the complaint herein. The default of the**

**defendant(s) is/are hereby noted.**

**Dated: New York, New York**

~~January 12~~, 2022

**RUBY J. KRAJICK**
**Clerk of Court**

**By:** ___XMMango___
**Deputy Clerk**

SDNY Web 3/2015